107 F.3d 15
 9 NDLR P 160
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel Gonzales GELLERT, Plaintiff-Appellant,
v.
Federico F. PENA, Secretary, Department of Transportation,
Federal Aviation Administration; Air Line Pilots
Association, Defendants-Appellees.
 No. 96-35253.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 06, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Gonzales Gellert appeals pro se the district court's grant of summary judgment in favor of the Federal Aviation Administration ("FAA") in Gellert's employment discrimination action under Title VII, 42 U.S.C. § 2000e, and the Rehabilitation Act, 29 U.S.C. § 794(a), alleging that the FAA discriminated against Gellert by not selecting him for employment as an Aviation Safety Inspector. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Gellert contends that the district court erred by granting summary judgment for the FAA because Gellert established a prima facie case of discrimination based upon his race and disability. This contention lacks merit.
 
 
 4
 We review de novo the district court's grant of summary judgment. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 5
 To prevail on a claim of race discrimination under Title VII, 42 U.S.C. § 2000e, a plaintiff must show: (1) membership in a protected class; (2) that he applied for and was qualified for a job; (3) that an employment decision was made despite these qualifications; and (4) that the position remained open and the employer continued to consider applicants with comparable qualifications. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109 n. 7 (9th Cir.1991).
 
 
 6
 Here, it is undisputed that Gellert, as an Hispanic male, is a member of a protected class and that he applied for the position of Aviation Safety Inspector. In order to be considered for the position, however, Gellert had to be referred from one of four qualified hiring sources. It is undisputed that Gellert was not so referred. Because he was not qualified for the position, the district court did not err by granting summary judgment for the FAA on Gellert's Title VII claim. See Bagdadi, 84 F.3d at 1197.
 
 
 7
 The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, ... be subjected to discrimination ... by any Executive agency." 29 U.S.C. § 794(a). In order to make out a prima facie case, Gellert must show (1) that he was an "otherwise qualified" disabled individual, and (2) that he was not selected because of his disability. See Lucero v. Hart, 915 F.2d 1367, 1371 (9th Cir.1990).
 
 
 8
 Here, the FAA submitted the affidavits of the two FAA employees responsible for hiring Aviation Safety Inspectors who declared that Gellert never informed the FAA that he was disabled. Because Gellert failed to establish that the FAA knew of his alleged disability, he cannot establish that he was discriminated against due to his disability. See Lucero, 915 F.2d at 1371; 29 U.S.C. § 794(a). Even if the FAA had been aware of Gellert's alleged disability, Gellert, because he was not referred from a qualified source, could not establish that he was an "otherwise qualified" disabled individual. See Lucero, 915 F.2d at 1371. Accordingly, the district court did not err by granting summary judgment for the FAA on Gellert's Rehabilitation Act claim. See Bagdadi, 84 F.3d at 1197.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Gellert's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gellert's additional contentions lack merit. First, we reject Gellert's contention that the district court erred by granting the Air Line Pilots Association's motion to dismiss because Gellert failed to address the issue in his opening brief. See Miller v. Fairchild Indus., 797 F.2d 727, 738 (9th Cir.1986). Second, we reject Gellert's argument that the district court erred by granting summary judgment for the FAA before Gellert completed his discovery because Gellert has not made the requisite showing that he diligently pursued discovery and that additional discovery would have precluded summary judgment. See Qualls v. Blue Cross of Cal., 22 F.3d 839, 844 (9th Cir.1994)